

**U.S. Department of Justice**

*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 6, 2024

Tom Iovieno, Esq.
Thomas J Iovieno Law Offices,
345 Neponset Street,
Canton, MA 02021

    Re:    United States v. Malcolm Desir
               Criminal No. 23-cr-10309-WGY

Dear Attorney Iovieno:

       The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Malcolm Desir ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

       1.    Change of Plea

       No later than January 20, 2025, Defendant will plead guilty to Counts Two through Eight, and Eleven of the Indictment: one count of Trafficking in Firearms, in violation of 18 U.S.C. § 933(a)(1); one count of Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g)(1); one count of Distribution of and Possession with Intent to Distribute Cocaine; Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; four counts of Distribution of and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. § 841(a)(1); and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

       The U.S. Attorney agrees to dismiss Count Nine of the Indictment following sentencing in accord with the terms of this agreement.

1

2.   Penalties

Defendant faces the following maximum penalties:

- for Count Two: incarceration for up to 15 years; supervised release for up to three years; a fine of up to $250,000; and a mandatory special assessment of $100;
- for Count Three: incarceration for up to 15 years; supervised release for up to three years; a fine of up to $250,000; and a mandatory special assessment of $100;
- for Counts Four through Eight: incarceration for up to 20 years; supervised release for up to three years; a fine of up to $250,000 and a mandatory special assessment of $500; and
- for Count Eleven: incarceration for up to twenty-five years; a mandatory minimum sentence of incarceration of five years; supervised release for up to five years; a fine of up to $250,000; and a mandatory special assessment of $100.

Defendant also faces restitution and forfeiture to the extent charged in the Indictment.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3.   Rule 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant move to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4.   Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines for Counts Two through Eight is 25:

### Counts Two and Three (Group One)

a) Defendant's base offense level is 20 (USSG § 2K2.1(a)(4));

b) Defendant's offense level is increased by 2, because the offense involved three to seven firearms (USSG § 2K2.1(b)(1)(A));

c) Defendant's offense level is increased by 2, because the offense involves the trafficking in firearms (USSG § 2K2.1(b)(5)(B)); and

d) Defendant's offense level is increased by 4, because the offense involved the use, possession, or transfer of a firearm with knowledge, intent, or reason to believe that the firearm would be used in connection with another felony (USSG § 2K2.1(b)(6)(B)).

### Count Four through Eight (Group Two)

a) Defendant's base offense level is 14 (USSG §§ 2D1.1(a)(5) and (c)(13)); and

b) Defendant's offense level is increased by 2, because the offense involved possession of a firearm(s) (USSG § 2D1.1(b)(1)).

### Grouping

The parties agree that no additional levels are added under USSG § 3D1.4 because the offense level for Group Two is more than eight levels lower than the offense level for Group One. USSG § 3D1.4(c).

### Count Eleven

Count Eleven is a 5-year mandatory minimum sentence that must be imposed consecutively to the sentence imposed on Counts Two through Eight (USSG § 2K2.4(b)).

### Acceptance of Responsibility

Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation. Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5. <u>Agreed Disposition</u>

The parties agree on the following sentence:

    a) incarceration for a total period of 84 months - comprised of a term of 24 months on Counts Two through Eight served concurrently, followed by a term of 60 months on Count Eleven to be served consecutively to the term imposed for Counts Two through Eight;

    b) 36 months of supervised release, the first 12 months of which to be served under home detention;

    c) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    d) a mandatory special assessment of $800, which Defendant must pay to the Clerk of the Court by the date of sentencing;

    e) restitution in an amount to be determined at sentencing; and

    f) forfeiture as set forth in Paragraph 7.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

6. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

    a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

    b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or

4

in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of the sentence agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7.   <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

The assets to be forfeited specifically include, without limitation, the following:

   a. United States currency, in an amount to be determined, to be entered in the form of an Order of Forfeiture (Money Judgment);

   b. Ruger 9mm firearm, bearing serial number 31466843;

   c. A loaded Taurus TCP firearm, bearing serial number 36735F;

   d. A loaded Ruger LC9 firearm, bearing number 452-77387;

   e. Two extended high-capacity magazines; and

   f. Thirty-one rounds of 9mm ammunition.

8. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9. <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\*  \*  \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Luke A. Goldworm.

Sincerely,

JOSHUA S. LEVY
Acting United States Attorney

By: *[signature]*

ANNE PARUTI
Chief, Major Crimes Unit
MARK GRADY
Deputy Chief, Major Crimes Unit

*[signature]*

LUKE A. GOLDWORM
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Malcolm Desir
Defendant

Date: 12/2/24

I certify that Malcolm Desir has read this Agreement and that we have discussed what it means. I believe Malcolm Desir understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Tom Iovieno, Esq.
Attorney for Defendant

Date: 12/2/24

8